SPRING 1811.
First District.

STACKHOUSE
& AL
*vs.*
FOLEY's SYN-
DICS.

MURDER of the first degree is punished with death, and murder of the second degree, with imprisonment at hard labour.

IN this case, the jury found the prisoner, not guilty of murder of the first degree, but guilty of murder of the second degree.

MURDER of the second degree is any kind of murder not enumerated in the first part of the section. The indictment charges the prisoner with wilful murder, with malice aforethought. Perhaps if it had simply charged him with murder, his counsel could not have successfully resisted the motion of the attorney general for judgment of imprisonment at hard labour.

MOTION OVERRULED,

---

## STACKHOUSE & AL. vs. FOLEY'S SYNDICS.

Vendor, who sells for a note, retains his lien in case of bankruptcy, but loses it, if the goods sold be altered, as wine by mixture.

THE plaintiffs, shortly before the bankrupt's failure, had sold him six pipes of wine, for which they had taken his note. On his making a *cessio bonorum*, and obtaining a stay of proceedings, the plaintiffs applied for a writ of sequestration against the wine, which was executed on five of the six pipes. Two of them were untouched, but from each of the three others, one third of the wine had been drawn, and an equal quantity of wine of another quality, substituted, with the view to the improvement of the liquor.

*Alexander* for the syndics. The plaintiffs are

not entitled to the wine, for they have received that payment which was stipulated for, at the time of the contract. They must, for the amount of their note, come in as other creditors. 1 *Evan's Pothier* 381, *note a.* *Kearslake* vs. *Morgan.* 5 *T. R.* 513, *Louvier* vs. *Lawbray* 10 *Mod.* 36.

SPRING 1811.
First District.

STACKHOUSE
& AL
vs.
FOLEY'S SYN-
DICS.

THE three pipes, from which a part of the original wine has been drawn, and in which other wine has been put, cannot be considered as the merchandize sold by the plaintiffs, if it be admitted that the note was no payment.

*Hennen* for the plaintiffs. The bankrupt's note, cannot be considered as a payment, either on the principles of the common law, or the commercial laws. *Tipley* vs. *Martens*, 8. *T. R.* 451. 5 *Comyn's Digest by Rose* 96. 1 *Wilson's Bacon's Abridg't* 286. *Owenton* vs. *Morse*, 7, *T. R.* 64. *Ord. Bilb. cap.* 17. *n.* 37. *Gould's Espinasse part* 1, 130. *Murray* vs. *Gouverneur and others, in error.* 2 *Johnson's* cases, 438.

NAY, if there were evidence of its being accepted, as absolute payment, the contract being at the eve of a bankruptcy, it would be presumed that the bankrupt was aware of the approaching catastrophe, and the note would then be considered as a piece of waste paper. For when one gave the note of a third person in payment, and the vendor took it absolutely as a payment, yet it being shown, that the party giving the note, knew the third person to be in failing circumstances,

SPRING 1811.
First District.

STACKHOUSB
& AL.
*vs.*
FOLEY's SYN-
DICS.

on the failure, the court considered the note as no payment. *Popley* vs. *Ashley*, *Holt* 122.

WITH regard to the three pipes, part of the contents of which has been drawn off, the whole mass must take its character from the nature of the greater part. The wine which has been substituted, has lost its character by confusion. In determining so, no injury will be done to the mass of creditors, for the wine drawn off, will be presumed to be a fair conpensation for that which has been put in.

*By the Court.* The ordinance of *Bilbao* must determine this case. The 37th section of it, provides that, " if a seller of merchandize take " in payment a bill, becoming due within a cer- " tain time, within which the purchaser of the " goods, the drawer or indorser should become " insolvent, it is ordained that if the merchandize " be found in the possession of the insolvent..... " and the whole or part of said bill be not paid, " a quantity proportioned to the sum unpaid, " shall be delivered up to the bill holder."

THERE can therefore be no doubt, that the plaintiffs are entitled to the two pipes, in the contents of which there has been no alteration.

WITH regard to the other three, we consider that the seller's privilege, ought not to be extended to them. It is an odious one, as it destroys that equality, which alone is equity. Commercial misfortunes cannot be averted by law,

it can, however, lessen their consequences by di-
viding them.   These three pipes are, therefore,
to go to the common stock, and the plaintiffs,
as to their value,  come in for a dividend, as or-
dinary creditors, and not as creditors upon lien.